IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

JEFFREY SCHILLINGER,

                Plaintiff,                OPINION AND ORDER

    v.

                                                 18-cv-262-wmc

ANDREW SAUL, Commissioner of
Social Security,[1]

                Defendant.

Plaintiff Jeffrey Schillinger seeks judicial review of a final decision denying his application for Social Security Disability Insurance Benefits under 42 U.S.C. § 405(g). On appeal, plaintiff raises one challenge: the ALJ failed to consider whether Schillinger was disabled for a continuous 12 month period of time. Because the vast majority of this claimed 12-month period *preceded* Schillinger's alleged onset date, the court rejects this argument and will affirm the denial of benefits.

OPINION[2]

In a typical social security opinion, the court would review and describe in detail characteristics of the plaintiff, his or her medical records and the ALJ's decision and reasoning. In light of plaintiff Schillinger's limited and narrow challenge, however, the court need not provide such details. The only pertinent information is that beginning in September 2013, plaintiff sought treatment for a work-related hand injury, which was

---

[1] The court has changed the caption to reflect that Andrew Saul was recently confirmed as the Commissioner of Social Security.

[2] The administrative record ("AR") is available at dkt. #8.

diagnosed as carpal tunnel syndrome. (AR 418-36, 640.)

Schillinger claims an alleged onset disability date of June 10, 2014, which also coincides with the end of his employment. (AR 209, 213.) Schillinger filed for disability benefits on July 22, 2014. (AR 172.) In his brief, plaintiff argues that he was disabled from September 12, 2013, to September 10, 2014, due to his carpal tunnel disorder. (Pl.'s Opening Br. (dkt. #9) 37-37; Pl.'s Reply (dkt. #12) 1.) Plaintiff's argument is based on crediting his treating physician's assessment of the limitations of the functions of his hand, although plaintiff acknowledges that he was released from Dr. James Fogarty's care on September 14, 2014. (Pl.'s Opening Br. (dkt. #9) 37.) Moreover, plaintiff fails to acknowledge that the ALJ placed only partial weight on Dr. Fogarty's opinion. (AR 21.)

Even if the court were to credit fully Dr. Fogarty's opinion as the treating physician, the ALJ pointed out that Schillinger's treatment with Dr. Fogarty primarily occurred *before* Schillinger's alleged onset disability date. (AR 21 (discounting Fogarty's opinion because of "the extremely limited treatment for carpal tunnel syndrome after the alleged onset date").) During the administrative process, Schillinger never sought to amend his date of disability back to the start of his carpal tunnel syndrome in September 2013 (or the start of his care with Dr. Fogarty), nor does he argue that the date should be amended on appeal.

Indeed, Schillinger *cannot* make this argument because it appears he was still engaging in substantial gainful activity, working as a detailer at various car dealerships, until at least June 2014. (AR 214 (reporting to the SSA that through July 2014, he worked 40 hours per week, earning $10/hour).) In other words, the majority of the 12-month period of time for which Schillinger claims he was disabled occurred while he was still

working.  This appeal comes very close to being sanctionable as frivolous.

Viewed generously, in his reply brief, plaintiff attempts to address this deficiency by representing that he "applied for Title 2 disability benefits on January 23, 2013." (AR 68.)  While *technically* accurate, Schillinger apparently applied previously for benefits on January 23, 2013, was denied benefits and did not appeal.  As a result, this case concerns his application filed July 20, 2014, since he did not seek to reopen that prior application.  Regardless, the fact that he previously applied for disability benefits does not address the glaring flaw in his argument:  his alleged disability onset date is nine months into his claimed 12-month disability period, and he cannot amend that date given that he was engaged in substantial gainful activity during that nine-month period.

ORDER

IT IS ORDERED that the decision of defendant Andrew Saul, Commissioner of Social Security, denying claimant Jeffrey Schillinger's application for disability and disability insurance benefits is AFFIRMED and plaintiff's appeal is DISMISSED.  The clerk of court is directed to enter judgment in favor of defendant and close this case.

Entered this 24th day of June, 2019.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge